MARGARET A. MOESER, Acting Chief (CBN: 253177)
Money Laundering and Asset Recovery Section (MLARS)
JOSHUA L. SOHN, Trial Attorney, MLARS (CBN: 250105)
Criminal Division
United States Department of Justice
　1400 New York Avenue, N.W., 10th Floor
　Washington, D.C. 20530
　Telephone: (202) 514-1263
　Email:  joshua.sohn@usdoj.gov

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
SARAH MORTAZAVI, Assistant United States Attorney
United States Department of Justice
　1 Saint Andrews Plaza
　New York, NY 10007
　Telephone: (212) 637-2520
　Email: sarah.mortazavi@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARD YURIEVICH KHUDAINATOV and MILLEMARIN INVESTMENTS LTD., A BRITISH VIRGIN ISLANDS COMPANY,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 3:23-cv-01946-W-SBC<br><br>GOVERNMENT'S OPPOSITION TO MOTION FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)<br><br>Date:<br>Time:<br>Ctrm:<br>Before the Hon. Thomas J. Whelan |

## I. Introduction

The Rule 41(g) motion for return of property (the "Motion") filed by Petitioners is meritless and should be denied in its entirety. There is simply no basis for the Motion: this Court lacks jurisdiction given the Government's civil forfeiture complaint, the Motion was filed in the wrong district, and Petitioners cannot satisfy the four factors of equitable jurisdiction over a Rule 41(g) motion.

It is black-letter law that this Court lacks jurisdiction over the Motion given that the Government filed a civil forfeiture complaint seeking to forfeit the subject property just hours after the Motion was filed, which Petitioners knew was forthcoming. *See United States v. M/Y Amadea*, 23 Civ. 9304 (S.D.N.Y. Oct. 23, 2023), ECF No. 1 (the "Complaint"). Under binding Ninth Circuit law, a district court lacks jurisdiction to hear a Rule 41(g) motion when a civil forfeiture case has been filed, whether the forfeiture case was filed before or after a Rule 41(g) motion seeking return of the same property.

Even if the Motion were not mooted by the Complaint, Petitioners have filed their Motion in the wrong district. Under Rule 41(g) and 18 U.S.C. § 981(b)(3), a Rule 41(g) motion can only be filed in the district where the property was seized or the district where the seizure warrant issued. Here, the property at issue, the superyacht M/Y *Amadea*, was seized abroad in Fiji, pursuant to a seizure warrant issued by a magistrate judge in the U.S. District Court for the District of Columbia (DDC). Thus, DDC would be the only proper venue for a Rule 41(g) motion (assuming such a motion were permissible at all, which it is not in light of the Complaint).

Even beyond these *per se* jurisdictional and venue bars, the Motion would still fail because Petitioners cannot satisfy the four factors that govern whether this Court should exercise equitable jurisdiction over a Rule 41(g) motion. Petitioners cannot show any callous disregard for their constitutional rights, as the *Amadea* was seized pursuant to a warrant duly issued by a U.S. Magistrate Judge. Nor can Petitioners show any "need" for the *Amadea*, particularly since—according to their representations—the *Amadea* is a mere investment property and the pending civil forfeiture case would preclude any private sale of the vessel. For the same reason, Petitioners would not be irreparably

harmed by denying a return of the *Amadea*. Finally, Petitioners have an adequate remedy at law: litigating forfeiture through the civil forfeiture case.

For all these reasons, Petitioners' Motion should be dismissed and/or denied.

## II.     Background[1]

Petitioners have moved for return of the M/Y *Amadea*, a luxury superyacht reportedly worth more than $300 million. As set forth in the Complaint, the *Amadea* has been beneficially owned by sanctioned Russian oligarch Suleiman Kerimov since 2021, and Kerimov, or agents working on his behalf, have maintained the *Amadea* through transactions to, from, or through the United States, in violation of the sanctions against Kerimov and his property. *See generally* Complaint.

In April 2022, while the *Amadea* was docked in Fijian waters, the Government sought and obtained a seizure warrant from Magistrate Judge Michael Harvey of DDC authorizing the U.S. Government to seize the *Amadea*. The warrant was transmitted to Fijian law enforcement authorities via a Mutual Legal Assistance request, and the Fijian authorities enforced the warrant and turned the *Amadea* over to U.S. custody. In June 2022, the Government sailed the *Amadea* to San Diego, which was the nearest U.S. port that could accommodate the vessel.

Shortly after the *Amadea* entered U.S. custody, counsel for Petitioners contacted the Government, and the parties engaged in protracted discussions regarding (*inter alia*) the possibility of forfeiting the yacht without contested litigation. For a significant portion of that time, the parties entered into a formal litigation standstill under which they agreed not to file any actions regarding the *Amadea* so long as settlement negotiations were ongoing. On October 20, 2023, discussions between the Government and Petitioners terminated, and the Government indicated it would imminently file a civil forfeiture case seeking to forfeit the *Amadea*, which the Government in fact filed upon the expiration of the litigation standstill on October 23, 2023. Specifically, the

---

[1] The Government provides only the limited background necessary for this Court to decide the present Motion. By contrast, Petitioners' lengthy Background section includes numerous false and gratuitous attacks on the Government's motives and actions. The Government will not engage with these baseless attacks, which are irrelevant to the disposition of the Motion.

Government filed its civil forfeiture case in the U.S. District Court for the Southern District of New York at approximately 10:00 a.m. EDT on October 23. *See* Complaint. Unbeknownst to the Government, Petitioners had filed the Motion in this Court several hours earlier, at approximately 12:05 a.m. EDT on October 23, 2023. The Government notified Petitioners of the Complaint at approximately 10:17 a.m. EDT on October 23. At approximately 10:27 a.m. EDT, Petitioners notified the Government of this Motion.

### III.    Argument

#### A.    The Government's Civil Forfeiture Case Divests This Court of Jurisdiction to Hear the Present Rule 41(g) Motion

Petitioners' Rule 41(g) Motion fails at the outset because the civil forfeiture case over the *Amadea* divests this Court of jurisdiction to consider the Motion.

Federal Rule of Criminal Procedure 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Cr. P. 41(g). However, it is settled law in this Circuit that a civil forfeiture suit—whether filed before or after the filing of a Rule 41(g) motion—divests a district court of jurisdiction to entertain the Rule 41(g) motion. *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1232 (9th Cir. 1988) ("We must first decide whether it is proper to deny a Rule 41(e)[2] motion for the return of property and the suppression of evidence after the filing of a civil action for its forfeiture. *We conclude that dismissal of a Rule 41(e) petition is compelled by Fed.R.Crim.P. 54(b)(5).*")[3] (emphasis added). The Ninth Circuit further explained: "when a civil

---

[2] When *$83,310.78* was decided in 1988, the return-of-property motion now enumerated as Federal Rule of Criminal Procedure 41(g) was enumerated as Rule 41(e). Because there is no substantive change to this provision, "courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g)." *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006).

[3] Since the publication of that opinion, Federal Rule of Criminal Procedure 54 was transferred to Rule 1. As explained by the Ninth Circuit, "Rule 54(b)(5) expressly provide[d] that the Federal Rules of Criminal Procedure 'are not applicable to . . . civil forfeiture of property for violation of a statute of the United States.'" *$83,310.78*, 851 F.2d at 1233. That same principle is now set forth in Rule 1(a)(5)(B), which lists "civil property forfeiture" as one of the proceedings not governed by the Federal Rules of Criminal Procedure.

forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation. Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy [through a motion for return of property] to secure justice for the claimant." *Id.* at 1235; *accord Atlantic Invs., LLC v. United States*, 161 F. App'x 658, 659 (9th Cir. 2005) ("The claimant in *$83,310.78,* like Atlantic, filed her complaint after receiving administrative notice of the civil forfeiture, but before the Government filed its civil forfeiture complaint in the district court. *$83,310.78* therefore controls the present case. Because Atlantic had an adequate remedy at law, the district court properly dismissed the civil complaint for lack of jurisdiction"); *Braddy v. DEA*, No. 17-1980, 2021 WL 602832, at *7 (C.D. Cal. Jan. 12, 2021) ("[A] district court lacks jurisdiction to entertain a petition for relief pursuant to Rule 41(g) where the claimant has an adequate legal remedy available to contest the seized property. It is well-established that a properly noticed forfeiture proceeding constitutes an adequate legal remedy, thus, a properly and timely initiated administrative forfeiture proceeding precludes a Rule 41(g) motion.") (internal quotation marks and citations omitted); *In re Return of Seized Prop.*, No. 17-771, 2017 WL 4180149, at *1 (C.D. Cal. Aug. 30, 2017) ("A district court has equitable jurisdiction to entertain a motion brought pursuant to Federal Rule of Criminal Procedure 41(g). But if a related civil forfeiture proceeding is filed—either before or after the Rule 41(g) motion was brought—the court no longer has jurisdiction to entertain the Rule 41(g) motion.") (internal quotation marks and citations omitted); *Tucker v. United States*, No. 14-1795, 2015 WL 11071481, at *1 (C.D. Cal. Apr. 21, 2015) (same); *In re Chandler*, 270 F.R.D. 576, 578-79 (S.D. Cal. 2010) ("[T]his Court properly may exercise jurisdiction and hear the matter only if the framework set out above under Rule 41(g) is met. It is not. The administrative forfeiture proceedings initiated by the government provide Chandler and Bobel an adequate remedy at law."); *In re Seizure of One Blue Nissan Skyline Auto.*, No. 09-6484, 2009 WL 3488675, at *1 (C.D. Cal. Oct. 21, 2009) ("The Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed.").

For this threshold reason, Petitioners' Motion must be dismissed for lack of jurisdiction.

### B. Venue Is Improper in This District

Even if Petitioners could surmount the foregoing jurisdictional barrier, venue for their Rule 41(g) Motion is improper in this District. Rule 41(g) states that any motion "must be filed in the district where the property was seized." Fed. R. Cr. P. 41(g). The applicable civil forfeiture statute, 18 U.S.C. § 981, expands upon the permissible venues by stating that "[a]ny motion for the return of property seized under this section shall be filed in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized." 18 U.S.C. § 981(b)(3). It is self-evident that the place where the property "was seized" can be different from where it is currently located; Rule 41(g) and 18 U.S.C. § 981(b)(3) provide venue in the district where the property was seized, not where it is currently located. *See Pittman v. FBI*, No. 21-CV-2372, 2021 WL 8153635, at *1 (N.D. Cal. June 4, 2021) (where property is currently located in California but was seized in Alabama, Rule 41(g) motion must be filed in Alabama); *United States v. Scully*, No. 10-CR-593, 2013 WL 3338593, at *1-2 (W.D. Tex. July 2, 2013) (where property is currently located in Texas but was seized in Illinois and California, Rule 41(g) motion(s) must be filed in Illinois and California).

Here, the *Amadea* was not seized in this District, even though it was subsequently brought to this District. Thus, Rule 41(g) does not authorize venue in this District. Section 981(b)(3) likewise is no basis for venue; the district in which the seizure warrant was issued for the *Amadea* is DDC. Thus, even if there were jurisdiction to entertain a Rule 41(g) motion (and there is not), the appropriate venue would be DDC. Venue is improper in this Court, and the Motion should therefore be dismissed.

### C. Petitioners Cannot Satisfy the Four Factors for Exercising Equitable Jurisdiction Over a Rule 41(g) Motion

The foregoing arguments dispose of the Motion, and the Court need not go any further. Nonetheless, even if the Court set aside the foregoing jurisdictional and venue bars, Petitioners cannot satisfy the four factors that courts apply to determine whether to exercise equitable jurisdiction over a Rule 41(g) motion. These factors, known as the

*Ramsden* factors, require that courts balance the following: "1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance." *Matter of Search Warrant Executed*, No. 19-2362, 2020 WL 5921796, at *3 (C.D. Cal. June 2, 2020) (quoting *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993)). While a petitioner need not satisfy all four factors for a court to exercise jurisdiction over a Rule 41(g) motion, a petitioner must generally satisfy at least three of the four factors. *See Ramsden*, 2 F.3d at 326 (upholding jurisdiction where three of the four factors were met); *In re Prop. Seized from 1015 E. Cliff Drive*, No. 13-MC-80172, 2013 WL 5568300, at *3 (N.D. Cal. Oct. 9, 2013) ("At least three of the four *Ramsden* factors weigh in favor of the court exercising jurisdiction, which suffices to establish that the Court may assume equitable jurisdiction over the motion."). Here, Petitioners cannot satisfy any of these factors.

    **1. Petitioners Have Not Shown That the Government Displayed a Callous Disregard for Their Constitutional Rights**

  As to the first *Ramsden* factor, Petitioners have not shown that the Government displayed a callous disregard for their constitutional rights. To the contrary, the Government seized the *Amadea* only after obtaining a seizure warrant from a U.S. Magistrate Judge, which weighs heavily against any finding that the Government callously disregarded any party's constitutional rights. *See Matter of Search of Specialty Fulfillment Ctr.*, No. 1:17-MC-9979, 2018 WL 785861, at *5 (D. Idaho Feb. 8, 2018) ("The Government followed proper procedure, obtained a warrant, and executed the warrant approved by the Magistrate Judge. In contrast, the court in *Ramsden* found against the government because no warrant was obtained. Clearly, the conduct of the Government here does not rise to the level of callous disregard for Nordic's Fourth Amendment rights."); *accord Matter of Search Warrant Executed*, 2020 WL 5921796 at *3 ("As to the first *Ramsden* factor, Flaherty offers no argument that the government seizure in and of itself constituted a callous disregard for his constitutional rights.

Indeed, the search and seizure was conducted pursuant to a duly authorized federal search warrant issued upon a showing of probable cause.").

Petitioners argue that the evidence in support of the seizure warrant was unpersuasive, but their self-interested and *post hoc* assessments of the affidavit contents are of no moment; the Magistrate Judge found probable cause to issue a seizure warrant, and seizure warrants are afforded a presumption of regularity. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant."). Petitioners' subjective disagreement with the Magistrate Judge's probable cause determination does not establish a disregard, let alone a "callous" disregard, for any party's constitutional rights.[4]

### 2. Petitioners Have Not Shown "an Interest in and Need for the Property They Want Returned"

The second *Ramsden* factor evaluates "whether the movant has an individual interest in and need for the property he wants returned." *Ramsden*, 2 F.3d at 325. Here, one of the key disputed issues in the pending civil forfeiture case will likely be whether, and/or to what extent, Petitioner Khudainatov actually has an interest in the *Amadea*. But even assuming *arguendo* that Khudainatov does have some property interest in the *Amadea*, Petitioners do not have any present "need" for the yacht. Indeed, the *Amadea* is a luxury yacht that Petitioners have not possessed since it was seized over one year ago, and Petitioners have asserted that the *Amadea* is an investment property that they have

---

[4] Petitioners also cast groundless aspersions on the affiant to the seizure warrant and demand a *Franks* hearing. Setting aside that Petitioners' claims are unfounded, speculative, and fail to meet the standard required to merit such a hearing, *see United States v. Howard*, No. 22-30012, 2023 WL 2966032, at *2 (9th Cir. Apr. 17, 2023), a Rule 41(g) motion is an inappropriate vehicle to assert such claims. A *Franks* hearing is typically granted to determine whether suppression of an unlawful search is required, but forfeitable property "is never itself suppressible . . . even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) (citation omitted). Absent an applicable remedy, there is no basis to entertain Petitioners' inflammatory allegations.

attempted to sell. Mot. at 8-9 ("Mr. Khudainatov and Millemarin put the Amadea on the market in 2018 . . . After the ownership of the Amadea was transferred from Nereo to Millemarin, Mr. Khudainatov continued to push his brokers to sell the Amadea."). Petitioners would be unable to sell the *Amadea* even if it were immediately returned, given that the vessel is encumbered by the civil forfeiture case, rendering it unmarketable for a private non-judicial sale. Petitioners thus have no "need" to possess the yacht.[5]

### 3. Petitioners Would Not Be Irreparably Injured by Denying Return of the Property

The third *Ramsden* factor asks "whether the movant would be irreparably injured by denying return of the property." *Ramsden*, 2 F.3d at 325. Here, Petitioners would not be irreparably injured by denying return of the *Amadea* for the same reasons discussed above; namely, the pending civil forfeiture case precludes any non-judicial sale of the vessel, and a judicial interlocutory sale could be arranged without granting Petitioners actual possession.

Petitioners nonetheless argue that they might suffer irreparable injury because "the AMADEA has likely not been maintained at the levels an owner would maintain it, while it has been in U.S. custody." Mot. at 34:1-3. Yet Petitioners offer no evidence to support this speculation. They do not offer a declaration (expert or otherwise) on the level of care the *Amadea* needs, the inadequacy of the maintenance of the vessel, or any other basis to conclude that an immediate return of the yacht is required. Petitioners' bare speculation and attorney argument is insufficient to establish irreparable injury.

### 4. Petitioners Have an Adequate Remedy at Law

The fourth *Ramsden* factor asks whether the movant has an adequate remedy at law. This factor overwhelmingly counsels against entertaining the Motion, because Petitioners do have an adequate remedy at law: they can assert any claim to the *Amadea* they might possess in the civil forfeiture case and litigate the claim civilly, as intended

---

[5] In fact, if Petitioners intend to sell the *Amadea* while the civil forfeiture case is underway, the only viable way to do so would be an interlocutory sale under the supervision of the judge presiding over the civil forfeiture case, and Petitioners need not take possession of the *Amadea* for such an interlocutory sale to take place.

by the procedures governing civil forfeiture claims. *See* 18 U.S.C. §§ 981, 983. Indeed, Petitioners' discussion of this *Ramsden* factor is largely inapposite, as it assumes there is no civil forfeiture case in which they can litigate a claim to the *Amadea*. *See* Mot. at 34:24-27 ("As there has been no civil forfeiture proceeding or criminal indictment filed . . . Petitioners have no legal means for seeking the return of the Amadea other than through this motion."); 35:11-12 ("As of this filing, there is no pending proceeding involving the Amadea . . . As such, Petitioners have no adequate remedy at law"). Now that the civil forfeiture case has been filed, Petitioners' argument is moot.

Petitioners also argue in passing that "[e]ven if the government files a forfeiture action, this Court should nevertheless retain jurisdiction of this case because the property is located in this venue and venue is proper here. The government may attempt to forum shop where they file a forfeiture action, but this Court should not countenance such gamesmanship." Mot. at 35:15-19. This argument has no weight whatsoever, given that it does not address whether the civil forfeiture case gives Petitioners an adequate remedy at law (which it of course does) and given further that venue for this Motion is improper in this District, as discussed above.[6]

### III. Conclusion

For the foregoing reasons, Petitioners' Rule 41(g) Motion should be dismissed and/or denied.

Dated: October 30, 2023

Respectfully submitted,

MARGARET A. MOESER
Acting Chief, MLARS

/s/ *Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney, MLARS

---

[6] Petitioners' claim of "gamesmanship" is particularly specious given that Petitioners' U.S. counsel is based in New York City and would thus be able to litigate the civil forfeiture case with greater ease. The Government attorneys handling the civil forfeiture case are also located in New York City and Washington, D.C. Civil forfeiture venue in the Southern District of New York is proper given that prohibited payments for the *Amadea*'s upkeep transited through that District. *See* 28 U.S.C. § 1355(b)(1)(A).

Attorneys for Respondent
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed a copy of this document via CM/ECF, which will cause a copy to be served on all counsel of record.

                                        /s/ *Joshua L. Sohn*
                                        JOSHUA L. SOHN

                                        Attorney for Respondent
                                        UNITED STATES OF AMERICA