Michael Jason Lee, Esq. (State Bar No. 206110)
**LAW OFFICES OF MICHAEL JASON LEE, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Telephone: (858) 550-9984
Facsimile: (858) 550-9985
Email: michael@mjllaw.com

Adam C. Ford, Esq.
Renée L. Jarusinsky, Esq.
Bryan W. McCracken, Esq.
**FORD O'BRIEN LANDY LLP**
275 Madison Avenue, 24th Floor
New York, New York 10016
(*admitted pro hac vice*)

Attorney for Petitioners
Eduard Yurievich Khudainatov
and Millemarin Investments Ltd.,
a British Virgin Islands Company

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARD YURIEVICH KHUDAINATOV and MILLEMARIN INVESTMENTS LTD., A BRITISH VIRGIN ISLANDS COMPANY,<br><br>                Petitioners,<br><br>      vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No.: 3:23-cv-01946-W-SBC<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**<br><br>Before The Honorable Thomas J. Whelan<br><br>Courtroom Number:<br>Date & Time of Hearing: |

## **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    I.    Petitioners have no adequate remedy at law because the forfeiture action was brought in the wrong venue ................................. 2

    II.    This Court should exercise jurisdiction over Petitioners' Rule 41(g) motion or grant a stay while Petitioners challenge venue in New York ................................... 4

CONCLUSION ......................................................................................................... 8

i

REPLY MEMORANDUM IN SUPPORT OF MOTION UNDER Fed. R. Crim. P. 41(g)

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ................................................................... 7

*Daou v. BLC Bank, S.A.L.*,
   42 F.4th 120, 132 (2d Cir. 2022) ............................................................. 3

*Przewozman v. Charity*,
   No. 20-CV-6088 (NGG) (TAM), 2023 WL 2562537
   (E.D.N.Y. Mar. 17, 2023) .......................................................................... 3

*Elghossain v. Bank Audi S.A.L.*,
   No. 21-CV-2162 (PGG) (BCM), 2023 WL 3005524
   (S.D.N.Y. Feb. 23, 2023) ........................................................................... 3

*Henkin v. Charity*,
   No. 21-CV-5716 (AMD) (VMS), 2023 WL 2734788
   (E.D.N.Y. Mar. 31, 2023) .......................................................................... 3

*Landis v. North American Co.*,
   299 U.S. 248 (1936) .................................................................................. 6

*Leyva v. Certified Grocers of California, Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ................................................................... 7

*Matter of Search of Specialty Fulfillment Ctr.*,
   No, 1:17-MC-9979, 2018 WL 785861 (D. Idaho Feb. 8, 2018) .............. 6

*Matter of Search Warrant Executed*,
   No. 19-2362, 2020 WL 5921796 (C.D. Cal. June 2, 2020) .................... 6

*Pittman v. FBI*,
   No. 21-CV-2372, 2021 WL 8153635 (N.D. Cal. June 4, 2021) ............. 5

*Ramsden v. United States*,
   2 F.3d 322 (9th Cir. 1993) ........................................................................ 6

*Reed Int'l, Inc. v. Afghanistan Int'l Bank*,
    No. 21-CV-10626 (ER), 2023 WL 2138600 (S.D.N.Y. Feb. 21, 2023) ................ 3

*United States v. Scully*,
    No. 10-CR-593, 2013 WL 3338593 (W.D. Tex. July 2, 2013) .............................. 5

**Statutes**

28 U.S.C. § 1355(b)(1)(A) ................................................................................ 2

28 U.S.C. § 1395 ............................................................................................... 2

Federal Rule of Criminal Procedure 41(g) ........................................................ 1, 4, 5, 7

# INTRODUCTION

Petitioners Eduard Yurievich Khudainatov and Millemarin Investments Ltd., brought their motion pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return of their wrongfully seized property, the Motor Yacht Amadea (International Maritime Organization No. 1012531) (the "Amadea" or "Defendant-In-Rem"), before the government filed its civil forfeiture complaint in the Southern District of New York. Compl., *United States v. M/Y Amadea*, 23 Civ. 9304 (S.D.N.Y. Oct. 23, 2023), ECF No. 1 ("Forfeiture Complaint"). Petitioners recognize that the commencement of a forfeiture action by the government may, under most circumstances, render a Rule 41(g) motion moot.

Here, however, the government's forfeiture action filing does not warrant the dismissal of the instant action. The filing of that matter in the Southern District of New York was patently improper, filed in the incorrect jurisdiction, and constituted impermissible forum shopping. The Amadea has never been in New York, and the highly attenuated and scant acts or omissions the government claims took place in New York are insufficient to establish proper venue of the forfeiture action. Rather, proper venue of a forfeiture action in this matter rests here, in the Southern District of California, in San Diego. This is where the U.S. government first seized the Amadea on U.S. soil after choosing to bring it here from Fiji, and where the vessel has remained ever since. With the forfeiture action being filed in the wrong district, Petitioners still do not have an adequate remedy at law, and the balance of the equities weighs in favor of this court exercising jurisdiction over this matter.

Petitioners intend to move to dismiss and/or transfer on venue grounds in New York. Under the procedural rules for forfeiture matters, Petitioners have 35 days to assert a claim in that matter, and then 21 days after that to answer the Forfeiture Complaint or move to dismiss, including on jurisdiction and venue grounds. As a result, Petitioners request either that this Court retain jurisdiction of Petitioner's 41(g)

1

REPLY MEMORANDUM IN SUPPORT OF MOTION UNDER Fed. R. Crim. P. 41(g)

motion or in the alternative, stay any decision in this matter until the venue issue has been litigated and decided in the Southern District of New York.

## ARGUMENT

**I.  Petitioners have no adequate remedy at law because the forfeiture action was brought in the wrong venue**

The government argues Petitioners have an adequate remedy at law because they can assert their claims to the Amadea in response to the civil forfeiture action in New York. However, because that action is likely to be dismissed or transferred as being brought in the incorrect forum, Petitioners do not have an adequate remedy at law.

San Diego is the proper venue for a forfeiture action relating to the Amadea pursuant to two separate and distinct provisions of 28 U.S.C. § 1395. Provision (b) provides that "[a] civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found," here, San Diego. Provision (c) provides that "[a] civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district in which the property is brought," here, San Diego. Notwithstanding these two provisions, the government instead brought the forfeiture action in the Southern District of New York. Because that venue is improper, and a forfeiture action should have been brought in San Diego and not New York, Petitioners still do not have an adequate remedy at law.

The government based its inadequate forum choice of New York on 28 U.S.C. § 1355(b)(1)(A), alleging that "some of the acts or omissions giving rise to the forfeiture took place in the Southern District of New York." Forfeiture Complaint ¶ 3. But the acts the government contends took place in the Southern District of New York that give rise to the forfeiture action are insufficient under federal law: they are based exclusively on financial transactions that go from one *foreign* bank account to another *foreign* bank account (either international or outside of the Southern District

of New York). These payments allegedly happened to traverse a correspondent financial institution somewhere in New York, although the government provides no supporting facts, but merely states so in a conclusory fashion. *Id.* ¶¶ 46(a)-(e).[1]

With increasing frequency, courts in the Southern District of New York have been dismissing civil actions that attempt to obtain jurisdiction over a defendant and venue based only on transfers of funds traversing correspondent bank accounts, even when—unlike here—the use of such accounts is knowing and intentional. *See, e.g., Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 132-33 (2d Cir. 2022) (rejecting an attempt to base a claim of personal jurisdiction over a foreign bank where the only connection to New York was use of correspondent banking accounts); *Elghossain v. Bank Audi S.A.L.*, No. 21-CV-2162 (PGG) (BCM), 2023 WL 3005524, at *11 (S.D.N.Y. Feb. 23, 2023) (denying personal jurisdiction over a foreign bank that directed transfers through New York correspondent accounts, but whose conduct giving rise to the claims occurred outside of the U.S.); *Reed Int'l, Inc. v. Afghanistan Int'l Bank*, No. 21-CV-10626 (ER), 2023 WL 2138600, at *6-9 (S.D.N.Y. Feb. 21, 2023) (same). Courts have also applied this reasoning to dismiss claims against foreign banks in the Anti-Terrorism Act context. *See, e.g., Przewozman v. Charity*, No. 20-CV-6088 (NGG) (TAM), 2023 WL 2562537, at *11-12 (E.D.N.Y. Mar. 17, 2023) (dismissing case on personal jurisdiction grounds where "none of the typical markers of deliberate use of the New York correspondent account" were alleged in the Complaint); *Henkin v. Charity*, No. 21-CV-5716 (AMD) (VMS), 2023 WL 2734788, at *10 (E.D.N.Y. Mar. 31, 2023) (same).

While these cases were decided in the context of personal jurisdiction, and not venue, these decisions clearly demonstrate a shift in the Second Circuit away from

---

[1] Paragraph 46(k) of the Forfeiture Complaint alleges that a payment traversed a correspondent account "in New York," but does not specify where in New York, and whether it was within the Southern District of New York.

3
REPLY MEMORANDUM IN SUPPORT OF MOTION UNDER FED. R. CRIM. P. 41(g)

permitting correspondent banking transactions to serve as a way to establish jurisdiction over a defendant in New York, where many financial institutions, including those that serve as correspondent banks for foreign banks, are headquartered. The same logic should apply here; the government has made no allegations in the Forfeiture Complaint that anyone intended, or even knew, that the alleged foreign payments would pass through or touch the United States, let alone the Southern District of New York.

In addition, the alleged payments that the government claims support venue in the Southern District of New York do not relate to the alleged purchase of the Amadea by a sanctioned individual, which is the central factual allegation underpinning the forfeiture case as it renders the alleged payments sanctions evasion. Forfeiture Complaint ¶¶ 28-36. Rather, the alleged payments span only a four-month period and were for such things as crew uniforms, provisions, water sports equipment, and fuel. *Id.* ¶ 46. They amount to a mere fraction (approximately .003 per cent) of the vessel's worth. Therefore, arguably, only these payments, rather than the yacht itself, are subject to forfeiture.

By contrast, the yacht, which is the *res* at issue in the forfeiture case, is in San Diego. Prior to its unlawful seizure, the Amadea had never been in the United States. The government chose to bring the vessel to the Southern District of California. The finder of fact or an expert in a matter relating to the Amadea may need to inspect the vessel to see, for example, the modifications the government cites as evidence of ownership by Suleiman Kerimov, or for purposes of conducting a valuation or survey. This is the only venue that makes sense for a case regarding this vessel.

## II. This Court should exercise jurisdiction over Petitioners' Rule 41(g) motion or grant a stay while Petitioners challenge venue in New York

Petitioners intend to file a claim in the forfeiture matter in New York, not only to assert their ownership of the Amadea, but also to move to dismiss the forfeiture

matter there and/or move to transfer the matter to the Southern District of California based at least in part on the arguments set forth above. As a result, Petitioners request that this Court either (1) find that it has jurisdiction to hear the 41(g) motion now, or (2) grant a stay of this matter while these issues are litigated in New York.

First, contrary to the government's assertion, San Diego is the proper venue for Petitioners' Rule 41(g) action. Federal Rule of Criminal Procedure 41(g) provides that venue is proper where the property was seized. The Amadea was seized outside of the U.S. and has never been located in any other district in the United States. Perhaps aside from the District of Columbia, there is no district other than the Southern District of California where the Amadea was arguably seized. And the cases cited by the government (*Pittman v. FBI*, No. 21-CV-2372, 2021 WL 8153635, at *1 (N.D. Cal. June 4, 2021) and *United States v. Scully*, No. 10-CR-593, 2013 WL 3338593, at *1-2 (W.D. Tex. July 2, 2013)) are inapplicable because they involve property that was seized in one U.S. district and then was moved to another U.S. district. Those facts do not apply here.

In addition, Petitioners have demonstrated in their opening memorandum that they are presumed entitled to the Amadea's return because the government closed its criminal investigation of Mr. Khudainatov relating to the Amadea.[2] Petitioners also amply satisfy the *Ramsden* factors, such that the balance of the equities weighs in favor of this Court exercising jurisdiction over this matter. As demonstrated above, Petitioners are currently without an adequate remedy at law because the government

---

[2] It may at first blush appear that the government's closure of its criminal investigation of Mr. Khudainatov regarding the Amadea is not significant or that he is somehow irrelevant to the government's forfeiture theory because he is not named in the Forfeiture Complaint. However, that is not the case. In an email on October 23, 2023, an attorney for the government advised that should Petitioners file a claim in the government's forfeiture matter, "thereby putting Mr. Khudainatov's ownership at issue, [the government] plan[s] to file an amended Complaint including further details about Mr. Khudainatov . . . ."

REPLY MEMORANDUM IN SUPPORT OF MOTION UNDER Fed. R. Crim. P. 41(g)

filed its forfeiture action in the wrong district, satisfying the fourth factor under *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993). And the government's arguments regarding the other three factors are unavailing. Regarding the first factor of whether the government callously disregarded Petitioners' Fourth Amendment rights, the government relies on a case that does not even include a callous disregard argument, *Matter of Search Warrant Executed*, No. 19-2362, 2020 WL 5921796, at *3 (C.D. Cal. June 2, 2020) ("As to the first *Ramsden* factor, [petitioner] offers no argument that the government seizure in and of itself constituted a callous disregard for his constitutional rights."), and another where a petitioner alleged that its pharmaceutical products, which were seized, fell outside the parameters of the warrant, an argument the court rejected because the wording of the warrant was broad enough to capture the petitioner's products. *Matter of Search of Specialty Fulfillment Ctr.*, No, 1:17-MC-9979, 2018 WL 785861, at *5 (D. Idaho Feb. 8, 2018). These cases are vastly different from Petitioners' allegations that the government acted with callous disregard by including false witness statements among other demonstrably false allegations in the Bergen Affidavit. Petitioners have also amply demonstrated in their opening memorandum their ownership interest in the Amadea, and the government's argument that the Amadea was an investment does not obviate Petitioners' need for and entitlement to its return, and the irreparable injury Petitioners have suffered by its unlawful seizure and will continue to suffer while the vessel is being inadequately maintained by the government.

Second, district courts have the inherent power to stay proceedings. As the United States Supreme Court has stated, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Ninth Circuit has noted that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest

course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The independent proceedings may be "judicial, administrative, or arbitral in nature," and the issues in the other proceedings need not be "necessarily controlling of the action before the court." *Id.* at 863-64. When a stay is requested, the court must weigh the parties' competing interests and consider the effects of the stay on the Court's docket, counsel, and the litigants. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the interests weigh in favor of this Court granting a stay of the Petitioners' Rule 41(g) motion. Both this action and the New York action relate to the government's seizure of the Amadea and whether the government may forfeit it or whether it must be returned to its owner, Petitioners here. As discussed above, the government should not have brought the forfeiture action in New York, but rather here in San Diego, and Petitioners intend to assert this argument in the New York action either upon filing a motion to dismiss and/or a motion to transfer. The resolution of that motion will either result in the forfeiture case being dismissed, transferred to this district, or denied thereby keeping the forfeiture action in New York. If the forfeiture action is dismissed in New York, Petitioners will continue to have no adequate remedy at law, and their Rule 41(g) motion should be litigated here. If the forfeiture action is transferred to San Diego, judicial economy weighs in favor of this Court presiding over the forfeiture action. A stay in lieu of dismissal of Petitioners' Rule 41(g) motion makes sense in a complex case like this one, where the underlying facts are directly related to those set forth in the Rule 41(g) motion and have already been introduced to the Court. Having an already pending matter in San Diego would ensure an efficient transfer of the forfeiture action to this district for both the Court and the litigants. And if this transfer occurs, there can be no prejudice to the government, which obviously has nationwide resources.

# CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court either find it can retain jurisdiction on the current record, or in the alternative hold in abeyance any decision and stay this action pending determination of venue being litigated in the Southern District of New York.

Dated: November 6, 2023

/s/ Michael Jason Lee
Michael Jason Lee
**LAW OFFICES OF MICHAEL JASON LEE, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Telephone: (858) 550-9984
michael@mjllaw.com

Adam C. Ford
Renée L. Jarusinsky
Bryan W. McCracken
**FORD O'BRIEN LANDY LLP**
275 Madison Avenue, 24th Floor
New York, New York 10016
Telephone: (212) 858-0040
aford@fordobrien.com
rjarusinsky@fordobrien.com
bmccracken@fordobrien.com
(*admitted pro hac vice*)

Attorneys for Petitioners
Eduard Yurievich Khudainatov
and Millemarin Investments Ltd.,
a British Virgin Islands Company

# CERTIFICATE OF SERVICE

I am employed in the County of San Diego, State of California, am over the age of 18 and not a party to the within action. My business address is 4660 La Jolla Village Drive, Suite 100, San Diego, California 92122. I am readily familiar with the film's practice of collection and processing of correspondence for mailing.

On November 6, 2023, I caused to be served the following documents described as:

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**

**(BY ELECTRONIC FILING)** I am familiar with the United States District Court, Southern District of California practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Under said practice, the following CM/ECF user(s) were served:

- **Adam C. Ford**
  aford@fordobrien.com
- **Renee Louise Jarusinsky**
  rjarusinsky@fordobrien.com
- **Bryan W. McCracken**
  bmccracken@fordobrien.com
- **Joshua Lee Sohn**
  joshua.sohn@usdoj.gov

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on November 6, 2023, at Carlsbad, California.

        */s/ Michael Jason Lee*
        Michael Jason Lee
        Attorney for Petitioners
        Eduard Yurievich Khudainatov and
        Millemarin Investments Ltd., a British Virgin
        Islands Company